**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ___________________

DOMINIQUE HEBERT,
On behalf of himself and all others similarly situated,

Plaintiff,

v.

VAIL RESORTS MANAGEMENT COMPANY;
THE VAIL CORPORATION

Defendants.

---

**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1441 and 1446 and Fed. R. Civ. P. 81(c), Defendant Vail Resorts Management Company and The Vail Corporation (collectively "Defendants"), by and through their undersigned counsel, FISHER & PHILLIPS LLP, removes this action from the District Court for Broomfield County, Colorado, to the United States District Court for the District of Colorado under Class Action Fairness Act ("CAFA"). In support thereof, Defendants state the following:

**STATE COURT ACTION**

1. On May 20, 2026 Plaintiff Dominique Hebert ("Plaintiff") filed a Class Action Complaint against Defendants in the District Court for Broomfield County, Colorado (the "State Court"), in an action styled *Dominique Hebert, on behalf of himself and all other similarly situated v. Vail Resorts Management Company and The Vail Corporation*, Case No. 2026-CV-30153 (the "State Court Action"). **Exhibit A**, Complaint.

2. In his State Court Complaint, Plaintiff alleges to be a representative of a class of "individuals who worked as hourly paid employees for Defendants in Colorado within the statute of limitations" (the Proposed Class Definition"). *Id.* at ¶ 12.

3. In the Complaint, Plaintiff, on behalf of himself and the potential class members, claims that he was not provided with rest breaks as required under Colorado law. *Id.* ¶¶ 8-11. He asserts three claims for relief under various Colorado wage laws: (1) violation of the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, *et seq*., for alleged failure to pay wages due (*Id.* at ¶¶ 15-20); (2) violation of the Colorado Minimum Wage Act ("Minimum Wage Act"), C.R.S. §§ 8-6-101, *et seq*., for alleged failure to pay minimum wages due (*Id.* at ¶¶ 21-26); and (3) Civil Theft under C.R.S. § 18-4-405, *et seq*., for failure to pay minimum wages due (*Id.* at ¶¶ 27-34).

## <u>THE STATE COURT ACTION IS REMOVABLE PURSUANT TO CAFA</u>

4. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Under CAFA, federal district courts have original jurisdiction over a class action if: (1) it involves 100 or more putative class members; (2) any class member is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d); *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016) (citing *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009) (*per curiam*)). For the reasons stated below, this action is removable to this Court because all three requirements are satisfied here.

### The Putative Class Action Size Exceeds 100 Individuals

5. Plaintiff specifically alleges in his Complaint that "there are estimated to be hundreds of current and former employees in the Class." **Exhibit A** at ¶ 13(a).

6. As of the date of this Notice of Removal, there are approximately 24,817 employees who fall within the Proposed Class Definition. **Exhibit C**, Declaration of Lori Krug at ¶ 7.

7. Accordingly, the CAFA numerosity requirement is fulfilled. 28 U.S.C. § 1332(d).

**The Minimal Diversity of Citizenship Requirement is Satisfied**

8. The minimal diversity of citizenship requirement of 28 U.S.C. § 1332(d) is met because the Court need only find that there is diversity of citizenship between one class member and one defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5); *see also* 28 U.S.C. § 1453(b); *Dutcher*, 840 F.3d at 1190 (citing *Coffey*, 581 F.3d at 1243).

9. Multiple (proposed) class members are citizens of U. S. states other than Colorado or foreign countries. For diversity jurisdiction purposes, "a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)). "[A] person acquires domicile in a state when that person resides there and intends to remain there indefinitely." *Id*. at 1200. A natural person's state of domicile can be shown by, among other things, such person's current residence. *Id*. at 1201 (*citing* 13E Charles Alan Wright et al., Federal Practice and Procedure § 3612, at 536-41 (3d ed. 2009)).

10. According to Defendants' records, numerous potential class members possess current addresses outside of Colorado. **Exhibit C** at ¶ 8. These potential class members are not citizens of Colorado. For example, Eduardo Blanco provided an address in Uruguay, and Steven Johnson provided an address in Ravenswood, WV. *Id.*

11. Defendants Vail Resorts Management Company is a trade name to The Vail Corporation, which is a Colorado Corporation organized under the laws of the State of Colorado whose principal place of business is in Broomfield, Colorado. **Exhibit C**, at ¶ 6; *see also* **Exhibit D**, Colorado Secretary of State Business Records for The Vail Corporation. Therefore, Defendants are citizens of Colorado for diversity purposes under CAFA. 28 U.S.C. § 1332(d)(10).

12. As shown above, there is minimal diversity of citizenship between the above-referenced class members and Defendants, and the CAFA diversity requirement accordingly is satisfied. 28 U.S.C. §§ 1332(d)(2)(A).

**There is More than $5 Million in Controversy, Exclusive of Interest and Costs**

13. To establish the appropriateness of removal under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court must file a notice of removal "containing a short and plain statement of the grounds for removal." As the Supreme Court held in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014), Defendant's "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Here, more than $5,000,000 must be in controversy for this action to be removable under CAFA. 28 U.S.C. § 1332(d)(2).

14. In determining the amount in controversy for CAFA purposes, all potential damages based on the claims in the complaint, as well as attorneys' fees, are included. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

15. Defendants deny the validity of Plaintiff's and all other potential class members' claims, as well as Plaintiff's standing to bring the claims alleged against Defendants under Colorado wage laws. However, as set forth in more detail below, the amount now being alleged to be in controversy exceeds $5,000,000, which satisfies CAFA's requisite amount in controversy.

16. This action arises from Plaintiff's and other potential class members' employment with Defendants. Plaintiff claims Defendants violated the CWCA, the Minimum Wage Act, and Colorado's Civil Theft laws by failing to ensure that employees received all required rest breaks during their shifts, and all pay for missed and recorded missed rest breaks during their shifts. *See generally* **Exhibit A**. In addition to an award of back wages allegedly owed based upon rest breaks

that were not provided, Plaintiff seeks statutory penalties under the CWCA, treble damages for Civil Theft, attorneys' fees and costs, and interest. *Id.* at p. 8-9.

17. During the portion of the statutory period applicable to Plaintiff's claims from June 1, 2023, through July 20, 2025, there were a total of 2,741,255 shifts worked by putative class members. Employees falling within the Proposed Class Definition worked an average of 6.51 hours per shift, at an average rate of $23.51 per hour. **Exhibit C** ¶ 9.

18. Taking as true Plaintiff's allegations and assuming, for the sake of argument, that Plaintiff's legal theories are cognizable, that would equate to an average of two missed 10-minute rest breaks, for a total of an additional 20 minutes of pay alleged to be owed per shift worked. *See* 7 Colo. Code Regs. 1103-1, Colorado Overtime and Minimum Pay Standards Order ("Comps Order") #39, Rules 5.1, 5.2.

19. At an average pay rate of $23.51 per hour for the statutory period, this would equal an additional $7.84 owed per shift worked ($23.51 divided by 60 equals $0.39 per minute, multiplied by 20 minutes). When multiplied by a total of 2,741,255 shifts during the statutory period, Plaintiff's alleged unpaid wages alone equal $21,482,301.68, before the addition of any applicable overtime premium, statutory penalties, treble damages, interest, attorney fees, or costs. Thus, the estimated amount in controversy easily exceeds the jurisdictional requirement of $5,000,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (finding "the defendant may rely on an estimate of the potential damages" to show the amount of controversy under CAFA); *see also Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89 ("a defendant's notice of removal need…not contain evidentiary submissions.").

20. This Court has original jurisdiction over Plaintiffs' State Court Complaint because it alleges violations of federal law under CAFA. Pursuant to 28 U.S.C. § 1441(a), "[A]ny civil

action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant …, to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the District of Colorado is the appropriate district and division.

**All Other Procedural Requirements of Removal are Met**

**VENUE**

21. Before removal to this Court, this action was pending in Broomfield County District Court. Accordingly, under 28 U.S.C. § 85 and § 1441(a), the United States District Court for the District of Colorado is the proper venue for removal.

**STATE COURT PLEADINGS**

22. In accordance with 28 U.S.C. § 1446(a), a copy of all executed process, pleadings asserting causes of action, and orders in the State Court Action served upon Defendants are attached hereto as:

Exhibit A – Complaint

Exhibit E – Civil Case Cover Sheet

Exhibit F – Pretrial Order

Exhibit G – Entry of Appearance

Exhibit H – Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Complaint

Exhibit I – Proposed Order to Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Complaint

Exhibit J – Order Granting Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Complaint

23. In addition, under D.C.COLO.LCivR 81.1(b), "No later than 14 days after the filing of the notice of removal, the removing party shall file a current docket sheet (register of actions) and shall separately file each pending motion, petition, and related response, reply, and brief." A true and correct copy of the Register of Actions and all documents required under this Rule are attached hereto as **Exhibit K.**

## TIMELINESS OF REMOVAL

24. Defendants' removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of Defendants' receipt of Plaintiff's State Court Complaint. Plaintiff filed the State Court Action on May 20, 2026 (*see* **Exhibit A**) and Defendant was served with Plaintiffs' State Court Complaint on May 28, 2026 (*see* **Exhibit B**).[1]

## STATE COURT TO BE NOTIFIED

25. Pursuant to 28 U.S.C. § 1446(d), Defendants will file, on this same date, a Notice of Filing Notice of Removal in which the State Court will be notified of the removal of the State Court Action to this Court.

26. Moreover, as of the date of this Notice of Removal for the State Court Action, the State Court has not set any upcoming hearings in this matter.

WHEREFORE, Defendants Vail Resorts Management Company and The Vail Corporation remove the State Court Action from the District Court for Denver County, Colorado, to the United States District Court for the District of Colorado and requests that this Court make and enter such further orders as may be necessary and proper.

Respectfully submitted this 26th day of June 2026.

FISHER & PHILLIPS LLP

[1] Plaintiff has not yet filed an Affidavit of Service with the State Court.

*/s/ Hillary R. Ross*
Micah D. Dawson, #48263
Hillary R. Ross, #42215
1125 17th Street, Suite 2400
Denver, Colorado 80202
Telephone No. (303) 218-3650
Facsimile No. (303) 218-3651
E-Mail: mdawson@fisherphillips.com
hross@fisherphillips.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 26th day of June 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to:

Brian Denlinger, Atty. Reg. # 44966
ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, Washington 98406
Telephone: (253) 625-7720
bd@ackermanntilajef.com

Alexander Hood, Atty. Reg. # 42775
HOOD LAW OFFICE, PLLC
1312 17th St, #1028
Denver, CO 80202
Telephone: (720) 381-4142
alex@hoodlawpllc.com

Brian D. Gonzales
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, CO 80525
Telephone: (970) 214-0562
bgonzales@coloradowagelaw.com

*Attorneys for Plaintiff*

*/s/ Robin Havens*
Robin Havens
For Fisher & Phillips LLP